PER CURIAM.
June Ethel Connor (“wife”) appeals a declaratory judgment holding that certain payments to be made by George F. Connor, Jr. ■ (“husband”) pursuant to the parties’ divorce decree were discharged in bankruptcy. We reverse.
Husband and wife were divorced in 1989, after 34 years of marriage. At the time of the divorce, the parties jointly owned three assets: (1) the marital residence; (2) a commercial building and lot from which the husband operated a pest control business; and (3) the wife’s tailoring business which *490 she operated from premises that were leased.
The final judgment of dissolution incorporated the parties’ separation and property agreement (“separation agreement”). Under the separation agreement, wife conveyed to husband all her interest in the pest control business and the property on which it was located. Husband conveyed to wife his interest in the tailoring business and the marital home, which was then encumbered by both a first and second mortgage. The separation agreement provided for payment of the mortgages on the marital residence as follows:
The Wife agrees to assume the debt of the first mortgage. The Husband agrees to pay to the Wife his Military Retirement income, $760.00 plus whatever increase in the amount may be as and for payment of the second mortgage on the marital home until the said second mortgage is fully paid (in approximately 5 years). The Wife further agrees to assume all other debts including taxes and insurance on said former marital home and to hold the Husband harmless therefrom.
The separation agreement further provided:
13. WAIVER OF ALIMONY: The Wife hereby waives all right to alimony against the Husband and the Husband hereby waives all right to alimony against the Wife and both parties acknowledge that their respective waivers of alimony have been knowingly made.
The final judgment retained jurisdiction “for any support obligations, any unexecut-ed property divisions of this action and for the enforcement or modification of this Judgment.”
For five months following entry of the final judgment, husband paid over to wife his military retirement income of $760 per month. Then husband filed a Chapter 7 bankruptcy petition and ceased making payments. Wife filed a petition for enforcement of support in Seminole County circuit court, seeking to recover husband’s accrued but unpaid retirement income.[1] Husband defended on the ground that the obligation had been discharged in bankruptcy. Wife then filed an amended complaint for declaratory judgment and petition for enforcement of support, alleging that the husband’s payments on the mortgage were in the nature of “support,” and seeking a declaration that the payments were nondischargeable in bankruptcy.
At trial, the parties agreed that husband’s retirement income was not an asset of the bankruptcy estate. The parties further agreed that the dischargeability of the military income payments had not previously been determined by the bankruptcy court and that state courts had concurrent jurisdiction to decide the discharge issue.[2]
At the conclusion of the evidentiary hearing, the trial court observed:
I gather neither party contemplated the, you know, possibility of bankruptcy at the time of the agreement, but the Court is obliged to go on the agreement.
It is a bit strange that after 34 years of marriage that there isn’t some kind of support, but in this case each had their respective businesses that they had pursued for a substantial period of years. I gather each business was providing an income. There was, you know, at the time, apparently no need to contemplate support because each business was providing income.
The agreement dealt with it as a property distribution rather than a support obligation. There was the waiver of the support obligation, any claim of alimony.
Final judgment was entered in favor of husband, finding that the payments to wife had been discharged in bankruptcy. The final judgment stated:
1. That the court specifically finds that the parties entered into an equitable distribution agreement. That it was un- *491 controverted that the equitable distribution was genuinely equal on both sides and that the clause was contained in a separate and distinct paragraph, drafted by the Former Wife’s attorney and that Former Wife testified that she had sufficient time to read and analyze this agreement, specifically Paragraph 5 of the Separation and Property Settlement Agreement dated December 29, 1989.
2. That there was contained within the agreement a specific and clear waiver of spousal support entitled “Waiver of Alimony” in Paragraph 14.
Wife has appealed the final judgment, contending that the lower court erred in its conclusion that husband’s duty to pay over to her his monthly retirement benefit of $760 until the second mortgage was paid was discharged in bankruptcy.
The record in the instant case amply supports the factual finding by the trial court that the assignment of George Con-nor’s pension fund to June Connor, to the extent necessary to discharge the second mortgage on her property, was a property distribution rather than a support obligation. Findings of fact by a trial court are presumed to be correct and are entitled to the same weight as a jury verdict. A district court should not improperly substitute its judgment for the trial court’s. Marsh v. Marsh, 419 So.2d 629 (Fla.1982).
Nevertheless, we do not agree with the trial court’s legal conclusion emanating from its factual finding. Rather, we agree with the constructive trust analysis outlined in Bush v. Taylor, 893 F.2d 962, 964-965 (8th Cir.), opinion on rehearing en banc, 912 F.2d 989 (8th Cir.1990). Given the property settlement agreement executed between the Connors in 1989, it is clear, pursuant to Bush, that June Connor became the equitable owner of the monthly pension payment to the extent necessary to liquidate the second mortgage. George Connor was merely the legal title holder, or trustee, of those incoming funds, and his bankruptcy cannot divest his former wife of her separate property interest in the future payments to be received. As to the arrearages of $4,752.00 extant at the time of filing of the bankruptcy petition (the result of George Connor’s conversion of prior checks), that sum constitutes a “debt” owed by George Connor to June Connor. Such a debt, created by “fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny” should not be discharged in bankruptcy, but the catch is that a creditor to whom such a debt is owed must timely request a noticed hearing before the bankruptcy court, which has exclusive jurisdiction to determine dischargeability of such debts, and obtain a determination by that court that the debt is not dischargeable. See 11 U.S.C. §§ 523(a)(4) & (c).
Moreover, the appellant must still prevail under the “post-petition claim” analysis explained by the Eighth Circuit Court of Appeals in Bush. The separation agreement in this case shows that the monthly obligation of husband to wife was not a “debt” at the time husband filed for bankruptcy. Upon receipt of each retirement payment, husband had to turn it over to wife. Receipt of it by husband was a condition precedent to accrual of the obligation to pay wife. The pension payments were for a specific purpose — payment of the second mortgage. If at any point in time the second mortgage ceased to be owed (either due to payment, foreclosure or other event), the obligation would cease. Such post-petition monthly payment obligations, which were to be paid by post-petition pension payments, were not a “debt” within the meaning of the bankruptcy code and would not be discharged by husband’s bankruptcy. See, e.g., Bush, 912 F.2d at 993; In re Peterson, 133 B.R. 508 (Bankr.W.D.Mo.1991). Even if husband’s obligations to wife, which had accrued as of the filing of bankruptcy, were discharge-able because they were not support and not subject to a constructive trust, husband could not thereby discharge the pension payments owed post-petition.[3]
REVERSED and REMANDED.
*492 COBB and PETERSON, JJ., concur.
GRIFFIN, J., concurs in part, dissents in part, with opinion.

. As of the filing of the petition, the arrearages totalled $4,752.

. 11 U.S.C. § 523(c). See also In re Marriage of Wisdom, 833 P.2d 884 (Colo.Ct.App.1992); In re Marriage of Porter, 229 Ill.App,3d 697, 171 Ill. Dec. 318, 593 N.E.2d 1138 (1992); Buccino v. Buccino, 397 Pa.Super. 241, 580 A.2d 13 (1990).

. Although the constructive trust theory has already received criticism, the post-petition claim *492 analysis appears to be consistent with the "fresh start,” "debt adjustment” policy of the Bankruptcy Code. See Pamela Belt, Bush v. Taylor: A New Exception to Discharge in Bankruptcy, 144 Ark.L.Rev. 757, n. 4 at 761-765 (1991); But see In re Ryan, 100 B.R. 411 (Bankr.N.D.Ill.1989); Justus v. Justus, 581 N.E.2d 1265 (Ind.Ct.App.1991).