COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Bray
Argued at Chesapeake, Virginia


JOHN EDWARD BROGAN
                                           OPINION BY
v.    Record No. 1478-99-1              JUDGE LARRY G. ELDER
                                          MARCH 14, 2000
RUTH ANN CORNETTA BROGAN


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                  Robert B. Cromwell, Jr., Judge

            Steven P. Letourneau (Fine, Fine, Legum &
            Fine, on brief), for appellant.

            Kenneth A. Moreno (Louis W. Kershner &
            Associates, P.C., on brief), for appellee.


     John Edward Brogan (husband) appeals from an order of the

Virginia Beach Circuit Court (trial court) holding that his

obligation to pay Ruth Ann Cornetta Brogan (wife) a portion of

his federal civil service retirement pension, which obligation

was imposed by the parties' final decree of divorce, was not

dischargeable in bankruptcy.  On appeal, husband contends the

trial court lacked subject matter jurisdiction to adjudicate the

dischargeability of this obligation because exclusive original

jurisdiction rested in the bankruptcy court.[1]  We hold the trial

court had concurrent jurisdiction to review the nature and

_____

     [1] In his statement of questions to be presented, husband, an
out-of-state resident, also raised the issue of whether the
trial court properly obtained personal jurisdiction over him.
Husband has since withdrawn his appeal on this issue.

dischargeability of husband's equitable distribution obligation to wife, and we affirm the trial court's judgment.

I.

FACTS

The parties were divorced by final decree entered in the trial court on May 18, 1990. The divorce decree "affirmed, ratified and incorporated" the parties' written stipulation agreement, which provided in relevant part as follows:

> 7. SPOUSAL SUPPORT
>
> The parties hereto waive any present or future right to receive any support or maintenance from the other.
>
> 8. RETIREMENT BENEFITS[2]
>
> The parties agree that Husband is presently entitled to federal civil service retirement funds. . . . [T]he Wife's share of the retirement fund shall be determined to be one-half of the gross retirement and shall be paid direct[ly] to Wife.

(Footnote added).

On July 2, 1990, husband filed for Chapter 7 bankruptcy protection. On his schedule of income and expenditures, he listed as an expenditure a property settlement payment to wife in the amount of $400 per month. He listed as his only monthly

---

[2] Husband represents that, although the property settlement agreement refers to his federal civil service retirement benefits, the only funds he received were disability benefits. On appeal, he poses no objection to the court's application of the terms of the property settlement agreement to his alleged disability benefits.

income $698 in civil service disability. Wife received notice of the bankruptcy filing listing her as a creditor, and she posed no formal objection. Husband received a discharge on October 4, 1990. Included in the discharge was the $400 monthly obligation owed to wife under the property settlement agreement.

On March 19, 1999, wife filed a petition for an order to show cause in which she alleged husband stopped paying his gross federal retirement pay to her shortly after entry of the final decree. Husband contended this obligation was a debt that had been discharged in his 1990 bankruptcy and that the trial court lacked subject matter jurisdiction to review the discharge. The trial court entered orders denying husband's motion to dismiss and entering judgment for wife in the amount of the claimed arrearage. The order provided that husband's obligation to pay one-half of his disability to wife, as provided in the final decree, "is not affected by his personal bankruptcy in that the obligation is not a debt that is subject to discharge, but rather a division of marital property." The court also found husband in contempt for failing to pay in accordance with the decree.

## II.

## ANALYSIS

Husband challenges the jurisdiction of the trial court to consider the dischargeability in bankruptcy of his property settlement obligation to wife under the court's 1990 decree of

divorce.[3]  Although conceding that state courts have concurrent

jurisdiction with bankruptcy courts to determine many questions

of dischargeability, including those involving spousal and child

support,[4] he contends that the applicable statutes and rules

provide bankruptcy courts with exclusive jurisdiction over the

dischargeability of debts arising out of property settlement

agreements and equitable distribution awards.  Wife contends,

and the trial court found, that the obligation was not a debt at

all and, therefore, was not subject to discharge.  Under the

facts of this case, we agree that the obligation was not a debt

and affirm the ruling of the trial court.[5]

---

[3] Husband filed for bankruptcy in July 1990 and received his discharge in October 1990.  Unless otherwise noted, all citations to the United States Code are to the version applicable to husband's bankruptcy and these related proceedings.  Some of the federal bankruptcy statutes cited herein have undergone substantive amendment since husband's bankruptcy.  However, as to all parts of those statutes relevant to this appeal, Congress specifically provided that the amendments do not apply to "cases commenced under [the bankruptcy code]" before enactment of the amendments.  See Criminal Victims Protection Act of 1990, Pub. L. No. 101-581, § 4, 104 Stat. 2865, 2865-66 (enacted November 15, 1990); Crime Control Act of 1990, Pub. L. No. 101-647, § 3104, 104 Stat. 4789, 4916 (enacted November 29, 1990); Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, § 702, 108 Stat. 4106, 4150.

[4] Wife characterizes the payments at issue as part of the property settlement; she does not contend that they were non-dischargeable support payments.  See 11 U.S.C. § 523(a)(5) (1988).

[5] The trial court provided in its order that husband's obligation to pay wife half his monthly retirement/disability benefits was "not a debt that is subject to discharge [in bankruptcy], but rather a division of marital property."  We note that whether an obligation is a division of marital

In order for a financial obligation to be dischargeable under federal bankruptcy law, the obligation must be a debt as defined in the bankruptcy code.  See 11 U.S.C. § 101(4), (11) (1988) (currently codified without substantive amendment at 11 U.S.C. § 101(5), (12) (1994)).  A debt which first arises after the filing of the petition for discharge in bankruptcy is not affected by the discharge.  See id.; 11 U.S.C. § 727(b) (1988) (codified without amendment at 11 U.S.C. § 727(b) (1994)); LTV Steel Co. v. Shalala, 53 F.3d 478, 497 (2d Cir. 1995).  A debt which arose pre-petition is dischargeable unless it falls within one of the statutory exceptions to discharge listed in the

property, standing alone, is not dispositive of whether it is a debt subject to bankruptcy discharge.

Prior to the 1994 amendments to the bankruptcy code, spousal and child support obligations were the only marital debts not dischargeable in bankruptcy.  See Stone v. Stone, 199 B.R. 753, 758 (Bankr. N.D. Ala. 1996); In re Smither, 194 B.R. 102, 105 (Bankr. W.D. Ky. 1996) (noting that "[f]or over 150 years, under various Bankruptcy Acts, the dischargeability of debts arising from a divorce, dissolution or separation agreement . . . has been based on whether [the debt] was in the nature of alimony or support or was a division of property").  When Congress enacted 11 U.S.C. § 523(a)(15) to take effect in 1994, "[i]ts decision was based in part on a determination that during divorce negotiations, a divorcing/separating spouse may agree to [(1)] pay marital debts and hold the other spouse harmless for such debts or [(2)] increase the amount of the property settlement in exchange for a reduction in alimony."  See Stone, 199 B.R. at 758 (emphasis added) (footnote omitted).  Congress acted to remedy what it perceived as an unfairness in allowing a spouse declaring bankruptcy to discharge sums other than alimony owed the other spouse under a property settlement agreement.

Plainly, therefore, a financial obligation is not precluded from being a debt subject to bankruptcy discharge simply because it constitutes a division of marital property.

applicable version of 11 U.S.C. § 523(a).  See 11 U.S.C.
§ 101(4), (11) (1988); 11 U.S.C. § 523(a) (1988); 11 U.S.C.
§ 727(b) (1988); LTV Steel Co., 53 F.3d at 497.

State courts have concurrent jurisdiction with bankruptcy
courts to determine whether an obligation was a debt under the
bankruptcy code and, if so, whether it arose pre- or
post-petition.  See Granados v. Granados, 214 B.R. 241, 243-44
(Bankr. E.D. Cal. 1997); see also 28 U.S.C. § 1334(b) (1988)
(currently codified without amendment at 28 U.S.C. § 1334(b)
(1994)) (providing that federal court has original, but not
exclusive, jurisdiction over "civil proceedings arising under"
the bankruptcy code); Sanders v. City of Brady, 936 F.2d 212,
218 (5th Cir. 1991) (noting that only aspect of bankruptcy
proceeding over which federal district courts and their
bankruptcy units have exclusive jurisdiction is bankruptcy
petition itself and that state courts have concurrent
jurisdiction in all other matters arising in or relating to
bankruptcy cases unless bankruptcy code provides otherwise).
State courts also have concurrent jurisdiction to review many,
but not all, questions of dischargeability.  See 11 U.S.C.
§ 523(a), (c) (1988); Fed. R. Bankr. P. 4007, adv. comm. nn., 11
U.S.C. app. (1988).  A defendant in a state court action may
plead discharge in bar of the claim, and the state court
generally has jurisdiction to determine whether the debt has
been discharged.  However, the bankruptcy court has exclusive

jurisdiction to determine the dischargeability of § 523(a) debts listed in § 523(c).  See 11 U.S.C. § 523(a), (c) (1988); Fed. R. Bankr. P. 4007, adv. comm. nn., 11 U.S.C. app. (1988).  Only if the obligation was a pre-petition debt is our jurisdiction limited by § 523(c).

We hold that husband's obligation to wife was not a debt within the meaning of the bankruptcy code.  The bankruptcy code defines the term "debt" broadly to include a liability on a "right to payment, whether or not such right is reduced to judgment, . . . fixed, contingent, matured, [or] unmatured."  11 U.S.C. § 101(4), (11) (1988).  However, "'[b]ankruptcy recognizes state property rights, and filing bankruptcy cannot give a debtor a greater interest in an asset than that which he owned pre-bankruptcy.'"  Lowenschuss v. Selnick, 170 F.3d 923, 930 (9th Cir. 1999) (quoting Gendreau v. Gendreau, 122 F.3d 815, 819 (9th Cir. 1997) cert. denied, 523 U.S. 1005, 118 S. Ct. 1187, 140 L. Ed. 2d 318 (1998)).  The bankruptcy code provides that

> [p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, . . . becomes property of the [bankruptcy] estate under . . . this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d) (1988) (currently codified without amendment at 11 U.S.C. § 541(d) (1994)).  Therefore, the nature of the

spouses' interests in the property controls, and state law governs this determination.  See Butner v. United States, 440 U.S. 48, 54-55, 99 S. Ct. 914, 918, 59 L. Ed. 2d 136 (1979); Resare v. Resare, 154 B.R. 399, 401 (D.R.I. 1993).

In Bush v. Taylor, 912 F.2d 989 (8th Cir. 1990), the Eighth Circuit Court of Appeals considered the nature of a former wife's interest in her former husband's pension.  The parties' divorce decree had awarded each spouse "as his or her 'sole and separate property' one-half of the pension benefits to which [the husband] was entitled pursuant to his government employment."  Id. at 990.  Husband received the monthly pension check, and "it was his responsibility to pay over to his former wife, on a timely basis, her half of each check."  Id.  The court in Bush held that the wife's share of the pension was her sole and separate property which the husband received as a constructive trustee.  See id. at 992-93.  Because the money was wife's property, even while in husband's possession, it was not a debt of husband's subject to discharge in bankruptcy.  See id.; see also Sadowski v. Sadowski, 144 B.R. 566, 567-68 (Bankr. M.D. Geo. 1992) (holding wife's share of husband's military retirement was her sole and separate property and not a debt of husband's subject to discharge where property settlement agreement merely provided that wife was entitled to a share of his retirement without stating that share would be her sole and separate property); McGraw v. McGraw, 176 B.R. 149, 151-52

(Bankr. S.D. Ohio 1994) (acknowledging argument that valid domestic relations order which predates bankruptcy filing constitutes judicial determination of existence of constructive trust); Connor v. Connor, 610 So. 2d 488, 491 (Fla. Dist. Ct. App. 1992) (holding that husband's monthly obligation to pay wife his pension benefit until second mortgage was paid created a constructive trust, making wife the equitable owner of the monthly pension payment until the mortgage was paid, and that husband's bankruptcy could not "divest . . . wife of her separate property interest in the future payments to be received").

Here, the parties' property settlement agreement provided that wife was entitled to a one-half share of husband's gross retirement and that this share "shall be paid directly to Wife." We hold that this provision, which was incorporated into the final decree of divorce entered before husband's bankruptcy filing and discharge, was sufficient under Virginia law to give wife a separate property interest in husband's future benefits. See Code §§ 20-147 to 20-155 (1983 Repl. Vol. & 1987 Cum. Supp.) (permitting enforcement of marital agreements as contracts); cf. Code § 20-107.3(A)(2), (G) (1983 Repl. Vol. & 1989 Cum. Supp.) (establishing presumption that portion of pension acquired by either party during marriage is presumptively marital property absent evidence it is separate and permitting court to require direct payment of share to spouse); Holmes v. Holmes, 7 Va. App.

472, 478, 375 S.E.2d 387, 391 (1988) (holding that pension is property rather than mere expectation of income and that legislature intended all pensions to be personal property subject to equitable distribution).  Therefore, wife's half of husband's retirement benefits was a property interest of hers rather than a debt of husband's subject to discharge in bankruptcy.

Alternatively, "[wife's] interest in the post-petition pension payments was not dischargeable because '[p]ayments [that] are not yet due and payable do not represent a debt under the [Bankruptcy] Code.'"  Bush, 912 F.2d at 993.  "Not until after [the specific date] each month when a payment [is] due but unpaid [does] that portion of [a husband's] obligation [to his former wife] become a debt.  Accordingly, [the wife's] share of the post-petition pension payments [are] not pre-petition debts dischargeable in bankruptcy."  Id.; see Teichman v. Teichman, 774 F.2d 1395, 1397-98 (9th Cir. 1985) (holding that because husband was "under no obligation to pay his former wife until the Air Force pays him[,] . . . a debt does not arise under the [Bankruptcy] Code until each payment is due"); Connor, 610 So. 2d at 491 (noting that husband's monthly obligation to pay wife his pension benefit until second mortgage was paid was not a debt until it became due because "[r]eceipt of it by husband was a condition precedent to accrual of the obligation to pay wife").  But see Justus v. Justus, 581 N.E.2d 1265, 1269-70

(Ind. Ct. App. 1991) (noting split of authority over whether obligations not due and payable at time of filing of bankruptcy petition are dischargeable and holding that wife's claim under antenuptial agreement to finite periodic payments was a debt under bankruptcy code's broad definition).  Accordingly, husband's future obligation to pay wife half his retirement benefits each month after husband's bankruptcy discharge was not a debt and was not subject to discharge in bankruptcy.[6]

For these reasons, we hold the trial court had subject matter jurisdiction to consider the nature of husband's

---

[6] Even if the challenged obligation was a debt, the trial court's exercise of jurisdiction to determine dischargeability in this case was appropriate.  We do not consider whether the debt would have been dischargeable under these circumstances because husband did not raise this issue on appeal.  See Rule 5A:20(c); Littlejohn v. Commonwealth, 24 Va. App. 401, 409, 482 S.E.2d 853, 857 (1997).

Pursuant to Federal Rule of Bankruptcy Procedure 4007, see 11 U.S.C. app. (1988), a debtor or creditor wishing to obtain a determination of the dischargeability of any debt, other than one listed in § 523(c), may file a complaint "at any time."  In 1990, § 523(c) listed only specified debts involving fraud, defalcation, embezzlement, larceny, or willful and malicious injury.  See 11 U.S.C. § 523(c) (1988).  Therefore, under the statutes and rules applicable to husband's discharge, no exception existed to the provisions of 28 U.S.C. § 1334(b) (1988), which states that federal courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

Although the 1994 amendments to the bankruptcy code provide that jurisdiction to determine the dischargeability of debts resulting from a property settlement rests exclusively in the bankruptcy court, see 11 U.S.C. § 523(a)(15), (c) (1994); Fed. R. Bankr. P. 4007 adv. comm. nn., 11 U.S.C. app. (1994), Congress specifically provided that those amendments do not apply to bankruptcy cases "commenced" before October 22, 1994, see Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, § 702, 108 Stat. 4106, 4150.

obligation to wife under the property settlement agreement as incorporated by the final divorce decree and to enter judgment on her behalf for arrearages.  Therefore, we affirm the judgment of the trial court.

<u>Affirmed.</u>