In re Cindy G. NELSON, Debtor.

Cindy G. Nelson, Plaintiff,

v.

Kevin R. Nelson, Defendant.

Bankruptcy No. 99–30052–S.
Adversary No. 00–3083.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Sept. 19, 2000.

John F. Roberts, Mechanicsville, for the Debtor/Plaintiff.

Anthony Paone, II, Goochland, for the Defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY,
Bankruptcy Judge.

This adversary proceeding is styled "Debtor's Complaint for Contempt Sanctions for Violation of Discharge." Discharged Chapter 7 debtor Cindy Nelson ("Debtor") brings it against her ex-husband, Kevin R. Nelson, ("Defendant") because he is seeking to enforce an obligation that she contends is discharged. That obligation is an indemnification agreement contained in a Marital Separation Agreement that Debtor entered into with Defendant in November 1997. Debtor claims that her obligation to indemnify Defendant for a debt on which they were co-obligors was discharged in her bankruptcy by operation of 11 U.S.C. § 727. In her prayer for relief, she asks that he be held in contempt for violating the discharge injunction of 11 U.S.C. § 524(a)(2), and for costs and attorneys fees. In his answer, Defendant admits the salient factual allegations in the complaint. The parties dispute only whether 11 U.S.C. § 523(c)(1) and Bankruptcy Rule 4007(c) required Defendant to bring a complaint objecting to the discharge of the indemnity obligation for it to be excepted from discharge.

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding, involving a matter aris-

ing under title 11 (i.e., is Defendant violating the discharge injunction in 11 U.S.C. § 524(a)(2)).

## FACTS

As mentioned, there is no factual dispute. Debtor and Defendant were divorced by a Final Decree entered on August 2, 1999. That Decree incorporated a Marital Separation Agreement that Debtor and Defendant executed on November 8, 1997. The Separation Agreement contained the following provision in paragraph 2:

> The 1997 Eclipse automobile shall be the exclusive property of Wife [Debtor] and Husband [Defendant] shall forthwith do such acts as necessary to vest title in Wife. Wife shall henceforth be responsible for all indebtedness on said vehicle, all taxes, insurance, and licensing fees and shall indemnify and hold Husband harmless for the same.

It is this indemnification agreement that Debtor contends was discharged when she received her bankruptcy discharge in April 1999. Defendant disagrees that it was discharged. He brought a show cause proceeding in the Circuit Court of the County of King William seeking an order that Debtor remains liable for the debt secured by the Eclipse, and that she is in contempt of court for violating the Separation Agreement. Despite her assertion that her obligation was discharged in bankruptcy, the circuit court entered an order stating that Debtor is liable to Defendant for the indebtedness secured by the Eclipse, or $5,635.87 at 7.15% annual interest from December 10, 1999.

## DISCUSSION

■ In addition to stipulating to all the relevant facts, the parties are also in agreement that the Separation Agreement, and the obligations contained therein, fall within 11 U.S.C. § 523(a)(15). This section excludes from the discharge of 11 U.S.C. § 727 debts other than alimony, maintenance, or support that are incurred in a divorce or separation agreement. The provision is intended to cover obligations such as hold harmless/indemnification agreements that former spouses might enter into and then seek to discharge in bankruptcy. Prior to the addition of subsection (15) in 1996, only obligations in the nature of alimony, maintenance, or support were non-dischargeable. *See* 11 U.S.C. § 523(a)(5). Debtors would enter into agreements whereby they would indemnify their former spouses for a jointly owed debt, ostensibly in lieu of alimony or other support payments. However, these types of obligations, unlike alimony or support, could be discharged in bankruptcy. With the addition of subsection (15), all types of obligations that a debtor incurs in the course of a divorce or separation are excluded from discharge. However, while § 523(a)(5) operates automatically to exclude the types of debts listed in that section from discharge, with § 523(a)(15), the debts are not excluded unless some affirmative action is taken.

■ In order for debts that fall under § 523(a)(15) to be excluded from discharge, the creditor to whom these debts are owed must bring a complaint in the bankruptcy court seeking a court determination that the debts are indeed non-dischargeable. *See* 11 U.S.C. § 523(c)(1). This complaint must be brought no later than 60 days after the first date set for the meeting of creditors under § 341(a). *See* Fed. R. Bankr.P. 4007(c). If the complaint is not brought in this time period, the obligation is discharged. *See* 11 U.S.C. § 523(c)(1).

The rationale for this system may be found in a 1970 amendment to the Bankruptcy Act of 1898. *See* Pub.L. 91–467, §§ 5–7, 84 Stat. 992; H.R.Rep. No. 91–1502 (1970). Prior to the amendment, state courts had jurisdiction to determine which debts of a bankrupt had been discharged. Following a bankruptcy, creditors could go into state court and seek to obtain a judgment on debts that rightfully

should have been discharged. If the bankrupt defendant did not appear and assert the bankruptcy discharge as an affirmative defense, the creditor could obtain a valid judgment stating that the debt was not discharged and attempt collection. The 1970 amendment, which added subsection c to § 17 of the Bankruptcy Act, required creditors to come before the bankruptcy court to determine the dischargeability of certain types of debts.[1] Creditors who were owed debts based on false financial statements; willful and malicious conversion; fraud, embezzlement, or defalcation of a fiduciary; or willful and malicious injuries to person or property (other than conversion) could no longer ask a state court to determine whether such debts were discharged. *See* Bankruptcy Act of 1898, ch. 3, § 17a (2), (4), and (8), 11 U.S.C. § 35 (repealed 1979). It was believed that creditors were most likely to go before a state court and assert that their claim was for one of these types of debts, and get a determination of non-dischargeability even if they were not entitled to one. *See Brown v. Felsen,* 442 U.S. 127, 135–36, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). After the addition of subsection c, an order granting a discharge would specify which types of debts listed in § 17a had been adjudged discharged, and creditors would be enjoined from attempting to collect from the bankrupt personally on these debts. *See* 1898 Act, ch. III, § 17(3), 11 U.S.C. § 35.

The bankruptcy court's exclusive jurisdiction over determinations of the dischargeability of certain types of debts was maintained in the current Bankruptcy Code. *See* 11 U.S.C. § 523(a)(2), (4), (6); (c)(1); S.R. 95–989 (1978). If a defendant in state court pleads discharge in bar of a claim, the state court, in some instances, has concurrent jurisdiction to determine whether or not the debt has been discharged. *See Brogan v. Brogan,* 31 Va. App. 769, 775, 525 S.E.2d 618, 621 (2000). However, the bankruptcy court has exclusive jurisdiction to determine the dischargeability of § 523(a) debts listed in § 523(c) if the obligation was a pre-petition debt. *See id.* The parties have stipulated that the Separation Agreement was entered into on November 8, 1997, that Debtor filed for bankruptcy on January 6, 1999, and that the debt in question falls within § 523(a)(15), which is listed in § 523(c). Thus, although the Circuit Court of the County of King William found that the Debtor still had an obligation to indemnify Defendant, it lacked the jurisdiction to determine whether this debt had been discharged because the bankruptcy court has exclusive jurisdiction in discharging this pre-petition debt included in § 523(c). In any event, the circuit court order is silent as to its findings on the dischargeability of the debt. The parties, therefore, could not argue that the circuit court order prevents the relitigation of the dischargeability issue based on the principle of collateral estoppel;[2] nor could the parties argue that this matter is barred by res judicata.[3]

---

**1.** § 17(c)(2) read as follows: "A creditor who contends that his debt is not discharged under clause (2), (4), or (8) of subdivision a of this section must file an application for a determination of dischargeability within the time fixed by the court … and, unless an application is timely filed, the debt shall be discharged."

**2.** The principle of collateral estoppel is that a judgment for one party is conclusive in a subsequent action between the same parties or their privies only as to issues of fact actually litigated and essential to judgment in the first action. In this case, the circuit court did not decide the dischargeability issue. The two grounds on which a debt that falls under

11 U.S.C. § 523(a)(15) may be discharged are set forth in § 523(a)(15)(A) and (B). While the court held that Debtor is still liable to Defendant for the debt secured by the Eclipse, it did not find as a fact that either of the grounds for dischargeability under § 523(a)(15)(A) or (B) were present. The dischargeability issue was not essential to the circuit court judgment and, therefore, the parties are not collaterally estopped from arguing dischargeability in the bankruptcy court.

**3.** *Res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or

■ Defendant claims that he does not have an affirmative obligation to bring a complaint in order to protect his right to indemnification under the Separation Agreement. He argues that it is Debtor's burden to bring a complaint to determine the dischargeability of debt incurred in a divorce or separation agreement. His argument runs contrary to the plain language of the statute, which states that "the debtor shall be discharged from a debt of a kind specified in paragraph ... (15) of subsection (a) of this section, unless, *on request of the creditor to whom such debt is owed,* and after notice and a hearing, the court determines such debt to be excepted from discharge." 11 U.S.C. § 523(c)(1) (emphasis added). The Supreme Court recently held that when a provision of the Bankruptcy Code specifies a particular party empowered to take a particular action, it is inappropriate to assume that another party is also entitled to take the same action. In *Hartford Underwriters Insurance Co. v. Union Planters Bank,* 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000), the issue was whether an entity other than the trustee had a right, under 11 U.S.C. § 506(c),[4] to seek payment of an administrative expense claim from property encumbered by a secured creditor's lien. The Court held that § 506(c) clearly states that *the trustee* may recover administrative expenses from encumbered property, and it interpreted this specification of a party entitled to take the action as excluding anyone else from doing so. Just as § 506(c) specifies "the trustee," section 523(c)(1) specifies that for a debt under subsection 15 to be declared non-dischargeable, "the creditor to whom such debt is owed" must bring the complaint.

If Defendant's interpretation of the statute were correct, debtors would have a duty to do an act that they would never undertake. Section 523(c)(1) clearly states that if a request to determine the dischargeability of a debt under paragraph 2, 4, 6, or 15 is not made, the debt is discharged. No debtor would voluntarily make such a request knowing that the debt would be discharged if she simply did nothing.

Debtor's obligation to indemnify Defendant for the indebtedness secured by the Eclipse automobile was discharged by operation of 11 U.S.C. § 523(c)(1). Accordingly, 11 U.S.C. § 524(a)(1) voids the judgment Defendant obtained in the Circuit Court of the County of King William and the discharge injunction in 11 U.S.C. § 524(a)(2) further enjoins Defendant from taking any action to collect this debt as a personal liability of Debtor.

determined in the prior proceeding. *See Brown v. Felsen,* 442 U.S. 127, 131–32, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). *Res judicata* also requires a valid final judgment rendered on the merits in a prior proceeding between the same parties on the same claim. Because § 523(c)(1) gives bankruptcy courts exclusive jurisdiction to determine the dischargeability of § 523(a)(15) debts, the circuit court lacked jurisdiction and, therefore, the order of the court is not valid and the bank-

ruptcy court is not precluded from litigating this issue.

4. Section 506(c) reads: "The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim."