COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Clements and Beales
Argued at Richmond, Virginia


BRIAN MAURICE MARVIN
                                                      OPINION BY
v.        Record No. 1323-07-2            JUDGE JEAN HARRISON CLEMENTS
                                                    APRIL 22, 2008
VICKIE LYNORE MARVIN


FROM THE CIRCUIT COURT OF HANOVER COUNTY
George Mason, III, Judge

(Brian Maurice Marvin, *pro se*, on briefs).  Appellant submitting on
briefs.

Robert A. Canfield (Paul McCourt Curley; Frank G. Uvanni;
Canfield, Baer, Heller & Johnston, LLP; Uvanni & Associates, P.C.,
on brief), for appellee.


Brian Maurice Marvin (father) appeals from a decision of the trial court finding that his

obligation to pay attorneys' fees to Vickie Lynore Marvin (mother) was not discharged in

bankruptcy.  On appeal, father claims that the trial court erred by exempting the debt from

bankruptcy discharge under 11 U.S.C. § 523(a)(5).  For the following reasons, we affirm the trial

court's judgment and remand.[1]

I.  BACKGROUND

On appeal, we view the evidence in the "light most favorable" to the prevailing party in

the trial court and grant to that party the benefit of "all reasonable inferences fairly deducible

---

[1] Because the referenced amount of attorneys' fees originally awarded pursuant to the
September 22, 2006 order conflicts with the amount in the trial court's final order entered on
May 10, 2007, we remand this case to the trial court for the limited purpose of correcting this
apparent clerical error in the final order if appropriate.  See Code § 8.01-428(B).

therefrom." Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

Mother and father were divorced on October 14, 2004. Pursuant to the final decree of divorce, mother was granted sole legal and primary physical custody of the parties' minor child. On January 20, 2005, the trial court entered an amended order of child visitation by agreement.

Subsequently, mother filed a petition for reinstatement asking that the trial court order father to show cause why he should not be held in contempt for violations of the amended order. In an affidavit filed with the petition, mother averred that father had told her that the terms of the amended order did not apply to him. Mother further averred that on December 28, 2005, father failed to return the minor child to mother at the time, date, and place set forth in the amended order. Despite mother's attempts to contact father, father remained out of touch with mother, neglected to obtain her consent to extend the visit, and returned the minor child a day late. On May 29, 2006, father again failed to contact mother or obtain her permission to extend the visit, and returned the minor child a day late causing the child to miss a day of school. Mother's petition also requested an award of attorneys' fees she had incurred in pursuing the contempt action for violations of the visitation order.

On September 22, 2006, having conducted a hearing on mother's petition for which father did not appear, the trial court found father in contempt, ordered him to show cause why he should not be imprisoned for contempt for violating the amended visitation order, and also ordered that he pay mother's attorneys' fees in "the amount of $3,330.00." A show cause hearing was set for October 16, 2006. At that hearing, the trial court overruled father's motions and objections to the issuance of the rule to show cause and to the contempt finding, found that if father further violated any previous orders of the trial court, he would be incarcerated, and reaffirmed its order that father pay mother's attorneys' fees.

When father failed to timely pay mother's attorneys' fees, the trial court scheduled another hearing on December 7, 2006. Father, however, filed a bankruptcy petition on December 6, 2006. In his petition, he designated mother as a creditor to whom he owed the attorneys' fees awarded pursuant to the trial court's orders. At the December 7, 2006 hearing, the trial court asked that the parties brief the issues presented by father's bankruptcy petition and continued the matter. At a hearing on January 25, 2007, the trial court stayed its contempt proceedings until the close of father's bankruptcy and continued the matter until May 10, 2007.

On March 12, 2007, the bankruptcy court granted father a discharge pursuant to 11 U.S.C. § 727. The reverse side of the bankruptcy court form issuing the discharge, entitled "Explanation of Bankruptcy Discharge in a Chapter 7 Case," contained a subsection entitled "Debts that are Not Discharged." Within that subsection, "debts that are domestic support obligations" were deemed not discharged.

On May 10, 2007, the trial court reaffirmed that father was in contempt, ordered that he pay mother's previously awarded attorneys' fees, and further ordered, as follows:

> That the debt herein of [father] is not discharged by 11 U.S.C. [§ ]727 as the debt is in the nature of custody, visitation and support of the minor child and [father] is in violation of the following orders of this Court, namely:
> a. the Order entered on January 2[0], 2005;
> b. the Order entered on September 22, 2006;
> c. the Order entered on October 18, 2006; and,
> d. the Final Decree in this matter.
> The Court hereby further finds:
> That the debt owed herein by [father] in the amount of $3,300.00 is excepted from discharge pursuant to 11 U.S.C. [§ ]523(a)(5). That the bankruptcy case has been closed and that this Court retains its jurisdiction through its police powers to enforce its orders entered by the Court.

This appeal followed.

II.  ANALYSIS

Father contends that the trial court erred by exempting the attorneys' fees from bankruptcy discharge.  To support that contention, he claims that the debt was "for a contempt violation of a visitation order" and that the order was "clearly not for [s]upport or [a]limony." Thus, he argues that the debt does not qualify as a "domestic support obligation" exception to discharge pursuant to 11 U.S.C. § 523(a)(5).  We disagree with father.

While "we review the trial court's application of the law to [the facts of a case] *de novo*," the trial court's "factual findings will not be disturbed on appeal unless they are plainly wrong or without evidence to support them."  Collins v. First Union Nat'l Bank, 272 Va. 744, 749, 636 S.E.2d 442, 446 (2006).

As a preliminary matter, father contends generally that the trial court "lacked jurisdiction to enter the May 10, 2007 Order."  It is well established, however, that "[b]ankruptcy courts and state courts maintain concurrent jurisdiction to decide . . . exceptions to discharge arising under [11 U.S.C. §] 523(a), including [11 U.S.C. §] 523(a)(5)."  Monsour v. Monsour (In re Monsour), 372 B.R. 272, 278 (Bankr. W.D. Va. 2007); see also In re Carter, 156 B.R. 768, 772 (Bankr. E.D. Va. 1993); Brogan v. Brogan, 31 Va. App. 769, 775, 525 S.E.2d 618, 621 (2000); Douglas v. Douglas, 17 Va. App. 380, 382, 437 S.E.2d 244, 245-46 (1993).  To the extent that father's contention can be read as a claim that the trial court had no authority to award attorneys' fees incident to a contempt proceeding for violations of a child visitation order, it is equally well established that in cases "where the custody of a child, or child support, is involved," a court "has the discretionary power to award counsel fees incurred by an aggrieved party incident to contempt proceedings instituted and conducted to obtain enforcement of an order of the court." Carswell v. Masterson, 224 Va. 329, 332, 295 S.E.2d 899, 901 (1982); see also Edwards v. Lowry, 232 Va. 110, 114, 348 S.E.2d 259, 262 (1986); Sullivan v. Sullivan, 33 Va. App. 743,

- 4 -

752-53, 536 S.E.2d 925, 930 (2000). We conclude, therefore, that the trial court had jurisdiction to enter the May 10, 2007 order.

"A debtor may obtain a general discharge under Chapter 7 of the Bankruptcy Code from 'all debts that arose before the date of the order for relief.'" Bell v. Bell (In re Bell), 357 B.R. 167, 171 (Bankr. M.D. Ala. 2006) (quoting 11 U.S.C. § 727(b)). Pursuant to 11 U.S.C. § 523(a)(5), however, "domestic support obligation[s]" are exempted from discharge.[2] 11 U.S.C. § 101(14A) defines "domestic support obligation" as debt that is (1) owed to or recoverable by the parent of a child of the debtor, (2) in the nature of support of the child or the child's parent, even if not expressly so designated, (3) established in a court order, and (4) not assigned to a nongovernmental entity, unless the obligation is assigned voluntarily by the child's parent.

In this case, father challenges only whether the debt he owes mother satisfies the second criteria contained in 11 U.S.C. § 101(14A), that is, whether the attorneys' fees awarded to mother in a contempt proceeding arising out of father's violations of the child visitation order are considered "in the nature of support of the child or the child's parent, even if not expressly so designated."

"'Whether a debt is a support obligation, and not dischargeable . . . is a matter of federal law.'" Taylor v. Taylor, 27 Va. App. 209, 218 n.5, 497 S.E.2d 916, 920 n.5 (1998) (quoting Mosley v. Mosley, 19 Va. App 192, 196, 450 S.E.2d 161, 164 (1994)).

---

[2] The Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA), effective October 17, 2005, replaced the lengthy text of former 11 U.S.C. § 523(a)(5) with the simple phrase "domestic support obligation" and provided a corresponding definition for that phrase in 11 U.S.C. § 101(14A). Because the language of the former 11 U.S.C. § 523(a)(5) and new definition in 11 U.S.C. § 101(14A) are similar, the pre-BAPCPA case law applicable to 11 U.S.C. § 523(a)(5) is relevant and persuasive in determining if a debt fits within the definition of a "domestic support obligation."

"[M]ost courts hold that fees 'inextricably intertwined with proceedings affecting the welfare of the child,' such as custody and visitation, should be deemed support."  Wedgle & Shpall v. Ray (In re Ray), 143 B.R. 937, 940 (Bankr. D. Colo. 1992) (quoting Peters v. Hennenhoeffer (In re Peters), 133 B.R. 291, 295 (Bankr. S.D.N.Y. 1991)).  Indeed, "[t]he majority of courts have held that a determination of child custody or visitation is a vital element of 'support' and, therefore, that an ancillary award of attorney's fees in connection with a custody or visitation dispute is in the 'nature of support.'"  Spear v. Constantine (In re Constantine), 183 B.R. 335, 336 (Bankr. D. Mass. 1995); see also Jones v. Jones (In re Jones), 9 F.3d 878, 882 (10th Cir. 1993) ("[C]ourt-ordered attorney's fees arising from post-divorce custody actions are deemed in the nature of support under [11 U.S.C. §] 523(a)(5) as being incurred on behalf of the child."); Bell, 357 B.R. at 174 (attorney's fees awarded in litigation to enforce, in part, a child support obligation are in the nature of support); Hayden v. Farrell (In re Farrell), 133 B.R. 145, 148 (Bankr. S.D. Ind. 1991) (attorney's fees imposed, in part, to punish debtor for disobeying court order in proceeding to compel return of child held nondischargeable); Holtz v. Poe (In re Poe), 118 B.R. 809, 812 (Bankr. N.D. Okla. 1990) (attorney's fees incurred in child custody litigation exempt from discharge); Dellapa v. Vazquez (In re Vazquez), 92 B.R. 533, 535 (Bankr. S.D. Fla. 1988) (attorney's fees incurred in litigation pertaining to visitation, custody, contempt, and child support nondischargeable); York v. Castro (In re Castro), 74 B.R. 38, 40 (Bankr. M.D. Fla. 1987) (attorney's fees and litigation expenses relating to debtor's abduction of child and denial of visitation rights held nondischargeable); Hicks v. Hicks (In re Hicks), 65 B.R. 227, 229 (Bankr. D.N.M. 1986) (attorney's fees awarded in dispute to recover child from debtor who violated custody order held nondischargeable).

Here, mother's petition for reinstatement sought contempt findings in conjunction with an award of attorneys' fees against father for his violations of the child visitation order.  In the

affidavit filed with mother's petition, she averred that on two occasions, father had delayed returning the minor child to her for over a day without her consent or without communicating the visit's extension to her. In one of those instances, the child missed a whole day of school. At the September 22, 2006 hearing on mother's petition, the trial court found father in contempt, ordered him to show cause why he should not be imprisoned for contempt for violating the amended visitation order, and also ordered that he pay mother's attorneys' fees. The trial court conducted subsequent hearings on the matter, ultimately reaffirming its prior orders, making clear that the attorneys' fees were debt "in the nature of custody, visitation, and support of the minor child," and exempted the fees from discharge in bankruptcy. It is clear, therefore, that mother's petition and request for attorneys' fees and the trial court's resolution of the matter dealt exclusively with the welfare of the parties' minor child by seeking and awarding relief from father's violations of the child visitation terms.

Under these circumstances, we agree with the trial court that the attorneys' fees were "in the nature of support of the child" and, thus, fit within the second criteria contained in the definition of "domestic support obligation" pursuant to 11 U.S.C. § 101(14A). Accordingly, the trial court did not err in exempting the fees from bankruptcy discharge pursuant to 11 U.S.C. § 523(a)(5).

Father further contends that the trial court's order violated the bankruptcy court's order and 11 U.S.C. §§ 727, 524(a)(1), and 524(a)(2).[3] Father also asserts that mother and mother's

---

[3] 11 U.S.C. § 727(b) provides, in relevant part, as follows:

> Except as provided in section 523 of this title [11 USCS § 523], a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter . . . .

- 7 -

attorneys violated the bankruptcy court's injunction by conducting a collateral attack in the trial court. The validity of father's contentions, however, is contingent upon our resolution of whether the debt he owed mother was a dischargeable debt. Because we affirm the trial court's finding that the attorneys' fees were not debt discharged in bankruptcy, father's additional claims lack merit.

## III. CONCLUSION

For these reasons, we affirm the trial court's judgment and remand.

<u>Affirmed and remanded.</u>

---

In addition, 11 U.S.C. § 524(a)(1) voids any judgment of the debtor's personal liability from debts discharged and 11 U.S.C. § 524(a)(2) enjoins the commencement or continuation of an action to collect any debt discharged.