Present: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Agee, JJ., and Lacy, S.J.[*]

ACE TEMPORARIES, INC., ET AL.

v.  Record No. 062012      OPINION BY JUSTICE DONALD W. LEMONS
                                September 14, 2007
CITY COUNCIL OF THE
CITY OF ALEXANDRIA, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Lisa B. Kemler, Judge

In this appeal, we consider whether Code § 15.2-2286(A)(7) requires the text of an amendment to be in written format at the time of its initiation. We also consider whether Ordinance No. 4337 to amend the City of Alexandria Zoning Ordinance was properly enacted pursuant to the requirements of the Code of Virginia.

I.    Facts and Proceedings Below

ACC Holdings, LLC was the landlord of Ace Temporaries, Inc. (collectively "Ace") that operated a day labor agency at 717 Pendleton Street in the City of Alexandria. On October 7, 2003, the Alexandria Planning Commission (the "Planning Commission") approved a motion to initiate a text amendment to "readopt the day labor agency definition" and to amend the Special Use Permit ("SUP") "regulations for day labor agencies in appropriate commercial zones." On November 6, 2003, the

---

[*] Justice Lacy participated in the hearing and decision of this case prior to the effective date of her retirement on August 16, 2007.

Planning Commission voted to "recommend approval of the text amendment, with an amendment."  Text Amendment #2003-0006 (the "Text Amendment"), approved by the Planning Commission, included an eighteen-month abatement period for non-conforming day labor agencies that had not been granted a SUP.  At a public hearing on November 15, 2003, the City Council of Alexandria (the "City Council") approved the Planning Commission's recommendation "with an amendment that abatement of existing agencies be no more than 12 months."  On January 13, 2004, the City Council introduced and had a first reading of the proposed ordinance to adopt the Text Amendment.  Before the meeting, the City Council received copies of the ordinance.  The copies of the ordinance that the City Council received contained the original eighteen-month abatement period instead of the version as amended with a twelve-month period.

At a public hearing on January 24, 2004, the City Council had a second reading and final passage of the ordinance to adopt the Text Amendment.  The Text Amendment was passed as Ordinance No. 4328.  When passed, the ordinance contained the original eighteen-month abatement period, not the twelve-month abatement period adopted as an amendment by the City Council at the November 15th meeting.

2

Then, on February 10, 2004, the City Council had an introduction and first reading of a proposed ordinance to reduce "the abatement period for nonconforming day labor agencies from 18 months to 12 months, as approved by Text Amendment No. 2003-0006." At a public hearing on February 21, 2004, the City Council had a second reading and final passage of Ordinance No. 4337 which reduced the abatement period for nonconforming day labor agencies from eighteen to twelve months.

Three days after Ordinance No. 4337 was enacted, the City of Alexandria's Director of the Department of Planning and Zoning sent Ace a letter stating that "your day labor agency at 717 Pendleton Street is considered a nonconforming use." The letter further stated that Ace was "required to cease its operation within twelve months" from the date of the letter. Ace appealed to the Board of Zoning Appeals for the City of Alexandria ("BZA"). Ace also filed a request for an extension of the twelve-month abatement period. Both requests were denied.

Ace then filed a "Motion for Declaratory Judgment and Injunctive Relief," which was later amended, against the City of Alexandria and the City Council challenging the adoption of Ordinance No. 4328 and Ordinance No. 4337. The City of Alexandria and the City Council filed a "Cross-Bill for

Declaratory and Injunctive Relief" asking the trial court to determine that Ace had violated Ordinance No. 4337 and to "permanently enjoin Ace from continuing its use and operation at 717 Pendleton Street."

Ace also filed a suit against the BZA. Upon a "Consent Motion for Consolidation of Suits in Equity," Ace's suit against the BZA was consolidated with its case against the City of Alexandria and the City Council (defendants collectively referred to as the "City"). Both Ace and the City filed motions for summary judgment. After a hearing, the trial court ordered that Ace was "PERMANENTLY ENJOINED from continuing their operation of a day labor agency at 717 Pendleton Street in violation of City Ordinance Nos. 4328 and 4337."

Ace appeals to this Court upon four assignments of error:

1. The trial court erred by holding that the Planning Commission's adoption of a motion to initiate a zoning text amendment on October 7, 2003, was valid, despite the fact that no text of an amendment was extant at the time of the adoption.

2. The trial court erred by holding that the City satisfied the procedural requirements of Va. Code Ann. § 15.2-2286(A)(7) for the enactment of Ordinance No. 4328, because Ordinance No. 4328 was not properly initiated.

3. The trial court erred by holding that the City satisfied the procedural requirements of Va. Code Ann. § 15.2-2286(A)(7) for the enactment of Ordinance No. 4337, because Ordinance No. 4337 was never initiated by motion or resolution.

4

4.  The trial court erred by holding that the City satisfied the procedural requirements of the City Charter and City Code for the enactment of Ordinance No. 4328, given that the amendment thereto of the provisions relating to an amortization period was not in fact read at the second reading and final passage of Ordinance No. 4328.

## II.  Analysis

Only assignments of error 1 and 3 are now before the Court for resolution on appeal.  Assignment of error 2 is procedurally barred because it was not included in Ace's petition for appeal.  Rule 5:17(c) ("Only errors assigned in the petition for appeal will be noticed by this Court."). Additionally, at oral argument, Ace withdrew assignment of error 4.

Interpretation of a statute is a pure question of law subject to de novo review by this Court.  Renkey v. County Bd., 272 Va. 369, 373, 634 S.E.2d 352, 355 (2006).

With regard to assignment of error 1, Code § 15.2-2286(A)(7) states in relevant part:

> Whenever the public necessity, convenience, general welfare, or good zoning practice requires, the governing body may by ordinance amend, supplement, or change the regulations, district boundaries, or classifications of property. Any such amendment may be initiated (i) by resolution of the governing body; (ii) by motion of the local planning commission; or (iii) by petition of the owner, contract purchaser with the owner's written consent, or the owner's agent therefor, . . . .  Any such resolution or motion by such governing body or

5

commission proposing the rezoning shall state the above public purposes therefor.

Upon consideration of Ace's challenge, the trial court held that:

> Regarding the failure to present the actual text of the amendment at the time of the Planning Commission's adoption of the motion to initiate a text amendment on October 7, 2003, I find that there is no such requirement in the statute and that the statute only requires that an amendment be initiated by motion or resolution.

The General Assembly did not include a requirement in Code § 15.2-2286(A)(7) that the text of an amendment be in written format at the time of initiation. "Courts cannot add language to the statute the General Assembly has not seen fit to include." Janvier v. Arminio, 272 Va. 353, 366, 634 S.E.2d 754, 761 (2006). Therefore, the trial court did not err in holding that the October 7, 2003 adoption of the motion to initiate the Text Amendment was valid.

With regard to assignment of error 3, Ace argues that the City failed to initiate Ordinance No. 4337, to shorten the abatement period to twelve months, "in accordance with any statutory requirements." Code § 15.2-2286(A)(7) states that the governing body may by ordinance amend the regulations, district boundaries, or classifications of property "[w]henever the public necessity, convenience, general welfare, or good zoning practice requires." The Code permits

6

any such amendment to be initiated "by resolution of the governing body" or "by motion of the local planning commission." Pursuant to Code § 15.2-2286(A)(7), "[a]ny such resolution or motion by such governing body or commission proposing the rezoning shall state the above public purposes therefor."

In this case, without an initiating motion or resolution and without a stated public policy reason, on February 10, 2004, the City Council introduced and had a first reading of an ordinance to reduce the abatement period of non-conforming day labor agencies from eighteen to twelve months. The City argues that the Text Amendment which had been properly initiated pursuant to Code § 15.2-2286(A)(7) and was approved by City Council on November 15, 2003, was also the "text amendment supporting the enactment of Ordinance 4337." Also, the City argues that: "Because Text Amendment 2003-0006, containing the 12-month amortization period approved by [the City] Council, already existed, there was no legal requirement under Virginia Code Section 15.2-2286(A)(7) to initiate a new text amendment before enacting Ordinance 4337."

Adopting the rationale of the City, the trial court concluded that the "City satisfied the procedural requirements under . . . Code § 15.2-2286(A)(7) for the proper enactment of Ordinance No. 4337 in that initiation of Text Amendment

7

# 2003-0006 on October 7, 2003 related to both Ordinance No. 4328 and Ordinance 4337 because each of these ordinances were enacted to adopt that single text amendment."  In its holding, the trial court erroneously dispensed with the requirements specifically mandated by Code § 15.2-2286(A)(7).  Code § 15.2-2286(A)(7) requires that each time an amendment to the Zoning Ordinance is made, the amendment must be properly initiated.

Additionally, Code § 15.2-2285(C) states that "[z]oning ordinances shall be enacted in the same manner as all other ordinances."  "An ordinance may be amended or repealed in the same manner, or by the same procedure, in which, or by which, ordinances are adopted."  Code § 15.2-1427(D).  The City failed to initiate Ordinance No. 4337 pursuant to the requirements specified in Code § 15.2-2286(A)(7).  As such, the trial court erred in finding that the City satisfied the procedural requirements necessary to enact Ordinance No. 4337.

## III. Conclusion

For the reasons stated, that portion of the judgment of the trial court holding that the text of the amendment did not have to be in written format at the time of its initiation will be affirmed.  The judgment of the trial court holding that the procedural requirements of Code § 15.2-2286(A)(7) were met when enacting Ordinance No. 4337 will be reversed.

8

The case will be remanded for entry of an order consistent with this opinion.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u> and remanded</u>.