UPON A REHEARING EN BANC
ELIZABETH A. McCLANAHAN, Judge.
Matthew Tremaine Moore appeals his conviction, upon a conditional guilty plea, for possession of cocaine with intent to distribute and possession of a firearm after having been convicted of a felony. Moore contends the trial court erred in denying his motion to suppress evidence of these crimes because the officer who stopped him lacked probable cause to make a warrantless traffic stop, in violation of Moore’s Fourth Amendment rights. A panel majority of this Court reversed the decision of the trial court on different grounds. We granted a petition for rehearing en banc and stayed the mandate of the panel decision.[1] Upon rehearing en banc, we affirm the trial court.
I.
The following facts are undisputed. Henrico County Police Officer W.T. Bryan stopped Moore’s vehicle after observing a peeling inspection sticker on the windshield. Upon approaching the vehicle, Officer Bryan smelled marijuana. Officer Bryan then conducted a search of the vehicle and discovered *3 various illegal drugs and a firearm. Moore was subsequently indicted for possession of cocaine with intent to distribute and possession of a firearm after having been convicted of a felony.
Moore moved to suppress the evidence seized from his vehicle, contending the stop was illegal under the Fourth Amendment. The trial court concluded the stop was legally justified under a reasonable articulable suspicion standard, and denied the motion. Moore subsequently entered a conditional guilty plea on the two possession charges referenced above, preserving his right to appeal the ruling on his motion.
II.
The question presented in Moore’s petition for appeal is: “Did Officer Bryan have probable cause to make a traffic stop of the vehicle being driven by Moore on the sole basis that he observed that a valid inspection sticker was not totally affixed to the windshield of the vehicle?” On brief, Moore reiterates that “the issue in this appeal” is whether the officer had “probable cause” to conduct the traffic stop of Moore’s vehicle. He further asserts on brief that “[t]he Supreme Court has held that an officer must have probable cause to believe a traffic violation to have occurred, only then can the officer have the right to conduct a traffic stop.”
Moore sets forth the wrong legal standard that governs this case and also misstates the law. Whether an officer is justified in making an investigatory traffic stop is not governed by probable cause; rather, the officer’s action is judged by the lesser standard of reasonable and articulable suspicion of criminal activity. United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 750, 151 L.Ed.2d 740 (2002); Jackson v. Commonwealth, 267 Va. 666, 673, 594 S.E.2d 595, 598 (2004); Shiflett v. Commonwealth, 47 Va.App. 141, 146, 622 S.E.2d 758, 760-61 (2005).
As no appeal was sought or granted on the issue of whether “the officer’s action [was] supported by reasonable suspicion” of “legal wrongdoing” when making the traffic stop, *4 Arvizu, 534 U.S. at 273, 122 S.Ct. at 750, “we may not consider this issue on appeal” under Rule 5A:12(c). Selph v. Commonwealth, 48 Va.App. 426, 434, 632 S.E.2d 24, 28 (2006) (holding assignment of error barred under Rule 5A:12(c)). Rule 5A:12(c) provides that “[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals.” See Clifford v. Commonwealth, 274 Va. 23, 25, 645 S.E.2d 295, 297 (2007) (reversing decision of this Court based, in part, on application of Rule 5A:12(c)); Lay v. Commonwealth, 50 Va.App. 330, 336 n. 3, 649 S.E.2d 714, 716 n. 3 (2007) (explaining that under Rule 5A: 12(c) “[w]e ... do not answer [an] unasked question”); McLean v. Commonwealth, 30 Va.App. 322, 329, 516 S.E.2d 717, 720 (1999) (en banc) (“Only those arguments presented in the petition for appeal and granted by this Court will be considered on appeal.” (citing Rule 5A:12(c))). And unlike Rule 5A:18, Rule 5A:12(c) contains no “good cause” or “ends of justice” exception to the prohibition of addressing issues outside the scope of the question presented. See Thompson v. Commonwealth, 27 Va.App. 620, 626, 500 S.E.2d 823, 826 (1998); see also Selph, 48 Va.App. at 434, 632 S.E.2d at 28.
For these reasons, we affirm Moore’s convictions.

Affirmed.

. Our en banc order had the effect of vacating the panel opinion. See Glenn v. Commonwealth, 49 Va.App. 413, 423 n. 3, 642 S.E.2d 282, 287 n. 3 (2007) (en banc) (observing that the “grant of en banc review vacates the prior panel opinion in toto" and thereby eliminates the need to address the “differing views expressed by the panel majority and dissent”); see also Logan v. Commonwealth, 47 Va.App. 168, 170, 622 S.E.2d 771, 772 (2005) (en banc) (recognizing that, with an en banc order, we "set aside our panel opinion”).