COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Petty
Argued at Salem, Virginia


DELORES A. SCARBERRY

                                                            MEMORANDUM OPINION[*] BY
v.         Record No. 1292-08-3                    JUDGE WILLIAM G. PETTY
                                                                  JANUARY 27, 2009
JOEY SCARBERRY


                    FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
                                    Teresa M. Chafin, Judge

            Michael L. Dennis (Robert M. Galumbeck; Galumbeck, Necessary,
            Dennis & Kegley, on brief), for appellant.

            Russell Vern Presley, II (Street Law Firm, on brief), for appellee.


        Delores Scarberry, wife, appeals the final decree of divorce equitably distributing marital

property, denying spousal support, and awarding primary physical custody of the parties' minor

child to Joey Scarberry, husband.  On appeal, wife contends that the trial court erred by

(1) improperly classifying two farms owned by husband as separate property; (2) finding that

husband did not own any certificates of deposit at the time of separation and finding that

transferring the certificates he jointly owned with his father into his father's sole name did not

constitute waste; (3) finding that the husband did not own any livestock at the time of separation;

(4) denying spousal support; and (5) failing to appoint a guardian *ad litem* to represent the

interests of the child during the custody proceedings.  For the foregoing reasons, we disagree

with wife and affirm the trial court's final decree.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. We view those facts and incidents "in the 'light most favorable' to [husband] and grant to [him] the benefit of 'all reasonable inferences fairly deducible therefrom.'" Marvin v. Marvin, 51 Va. App. 619, 621, 659 S.E.2d 579, 584 (2008) (quoting Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)). "That principle requires us to 'discard the evidence' of [wife] which conflicts, either directly or inferentially, with the evidence presented by [husband] at trial." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003) (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)). "'Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Broadhead v. Broadhead, 51 Va. App. 170, 178, 655 S.E.2d 748, 751-52 (2008) (quoting Hatloy v. Hatloy, 41 Va. App. 667, 671, 588 S.E.2d 389, 391 (2003)).

I.  ANALYSIS

A.  Equitable Distribution

"Because the trial court's classification of property is a finding of fact, that classification will not be reversed on appeal unless it is plainly wrong or without evidence to support it." Ranney v. Ranney, 45 Va. App. 17, 31-32, 608 S.E.2d 485, 492 (2005) (citing McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994); Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)).

Husband's Farms

Prior to the marriage, husband acquired two farms. Husband's father paid for both farms and deeded them in husband's name alone. Wife argues that the farms are marital property

because they appreciated in value due to the significant personal efforts of husband. She contends that husband's father bought the farms for husband in exchange for husband's services in conducting his father's business throughout the marriage. She asserts that "[c]learly, . . . a *quid pro quo* existed between the husband and his father." Wife concludes that husband earned the farms because of the significant personal efforts he expended during the marriage, which transmuted the property from separate to marital property. However, the trial court found that the farms were husband's separate property and wife did not present "sufficient evidence of transmutation or an increase in value of the property due to marital efforts."

Separate property is defined as property acquired before the marriage. Code § 20-107.3(1). In determining whether separate property transmutes into marital property, we have previously recognized that Code §§ 20-107.3(A) and 20-107.3(A)(3)(a) "establish[] a three-tiered burden of proof." Cirrito v. Cirrito, 44 Va. App. 287, 296, 605 S.E.2d 268, 272 (2004). Initially, husband has the burden of proving the property was separate property. Id. Then, the burden shifts to wife to prove "(i) contributions of marital property or personal efforts were made and (ii) the separate property increased in value." Id. In addition, wife has to prove that the husband's personal efforts were the proximate cause of the property's increased value. See id. at 297, 605 S.E.2d at 273 (citing Gilman v. Gilman, 32 Va. App. 104, 121, 526 S.E.2d 763, 771 (2000)). Simply showing that husband expended significant personal efforts and the property passively increased in value during the marriage is not sufficient to meet the second tier of the burden of proof outlined in Code § 20-107.3(A)(3)(a). If, however, wife satisfies the second tier burden of proving that the property is marital and overcomes the "presumption of separateness," then the burden shifts back to the husband to prove that "the increase in value or some portion thereof was not caused by contribution of marital property or significant personal effort." Id. at 296-97, 605 S.E.2d at 272.

Here, the trial court held that the wife did not present sufficient evidence to prove that the value of the farms increased due to marital efforts. Therefore, the trial court's analysis stopped at the second tier. The testimony of husband and his father both established the fact that the two farms were a gift from Hubert Scarberry to Joey Scarberry. Husband established that donative intent, delivery, and acceptance occurred in 1992: two years prior to the marriage. See Utsch v. Utsch, 266 Va. 124, 128, 581 S.E.2d 507, 509 (2003) (reciting three elements to establish an *inter vivos* gift: donative intent, delivery, and acceptance). There is no proof that a "*quid pro quo*" existed or that husband "earned" the farm by his efforts during the marriage. Therefore, the trial court's conclusion that wife failed to meet her burden of proof required to overcome the presumption of separateness was not plainly wrong or without evidence to support it. Because wife failed to meet her burden, we will not disturb the trial court's finding that the husband's farms were separate property and that they were not subject to equitable distribution.

The Certificates of Deposit

Wife argues that husband treated the certificates of deposit as his own and that he transferred them out of the marital estate "when the marriage was in jeopardy, . . . amount[ing] to waste." In order to commit waste, the owner spouse must use "the marital property for his own benefit and for a purpose unrelated to the marriage at the time when the marriage is undergoing an irreconcilable breakdown." Amburn v. Amburn, 13 Va. App. 661, 666, 414 S.E.2d 847, 850 (1992). The trial court held that the certificates of deposit were "not marital or mixed property." It further held that husband did not own the certificates of deposit at the time of the separation and that he did not commit waste by transferring them to his father prior to the breakdown of the marital relationship.

According to the evidence, husband and his father owned the certificates of deposit jointly. They had been purchased prior to the marriage. Husband reported the interest earned

- 4 -

from the certificates on his tax returns. In 2002, at wife's insistence, husband transferred whatever interest he had in the certificates of deposit to his father and ceased to include the interest earned from them on his tax return. At the time of the transfer, the marriage was intact and it remained so until the parties separated in October 2004. Therefore, even if the certificates of deposit were marital property, husband's transfer of his interest in them to his father would not constitute waste under Amburn because the transfer took place prior to the breakdown of the marriage. Therefore, we conclude that the trial court did not err in finding that husband did not own the certificates of deposit at the time of separation and that they were not subject to equitable distribution.

### The Livestock

Wife argues that the trial court erred in rejecting her testimony that husband owned 100 head of cattle. She reasons that because her testimony was unimpeached and consistent with the facts in the record, the trial court cannot arbitrarily disregard that testimony and the trial court must accept her testimony as true. However, both husband and his father testified that the husband did not own any livestock. Husband testified that he sold his last head of cattle in the spring of 2004 before the couple separated on October 11, 2004.

The trial court held that wife did not present "sufficient evidence to prove that the alleged livestock even exists much less represents marital property." Because this finding is neither plainly wrong nor without evidence to support it, the trial court did not err in refusing to consider the livestock a part of the marital estate.

### B. Spousal Support

The trial court entered the divorce decree in December 2005 and, at that time, awarded wife $384 per month in *pendente lite* spousal support. After the trial court heard all of the evidence and arguments, it denied wife's request for permanent spousal support. Wife argues

that the trial court erred in denying her spousal support because, (i) nothing had changed since the court ordered *pendente lite* support and (ii) the trial court did not make written findings of fact on every factor listed in Code § 20-107.1(E). [1]

Initially we note that "'[w]hether and how much spousal support will be awarded is a matter of discretion for the trial court.'" McKee v. McKee, 52 Va. App. 482, 494, 664 S.E.2d 505, 511 (2008) (quoting Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998)). And, when the trial court "has given due consideration to each of these factors [contained in Code § 20-107.1], as shown by the evidence, [its] determination as to spousal support will not be disturbed except for a clear abuse of discretion." Thomasson v. Thomasson, 225 Va. 394, 398, 302 S.E.2d 63, 66 (1983).

We reject wife's argument that the trial court should have awarded her permanent spousal support "in the same amount as awarded *pendente lite* . . . ." Wife reasons that the "parties financial positions did not change from the time of the award" and, in making this argument, implies that a change of conditions is necessary to modify the award. However, we held in Holmes v. Holmes, 7 Va. App. 472, 484, 375 S.E.2d 387, 394 (1988), that "[t]he amount of temporary support is not a factor under Code § 20-107.1 that the judge must consider when determining the appropriate amount of spousal support." There, we concluded that "the trial

---

[1] With respect to wife's second argument, we recognize that "[w]here a trial court is required to make written findings supporting its decision, its failure to do so constitutes reversible error." Robinson v. Robinson, 50 Va. App. 189, 194, 648 S.E.2d 314, 316 (2007). However, wife's question presented only asks the following question: "[w]hether the trial court erred in its finding that the Appellant was not entitled to an award of Spousal Maintenance and Support Money and in failing to make an award of spousal maintenance and support money to the Appellant?" Because the argument in wife's brief was not contained in her question presented, consideration of the argument is procedurally barred. Rule 5A:20(c); see also Ace Temporaries, Inc. v. City Council of Alexandria, 274 Va. 461, 465, 649 S.E.2d 688, 690 (2007) (holding that Rule 5:17(c) prescribes that "[o]nly errors assigned in the petition for appeal will be noticed by" the Supreme Court of Virginia); Moore v. Commonwealth, 51 Va. App. 1, 3-4, 654 S.E.2d 305, 306 (2007) (under Rule 5A:12(c) "[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals" (citation omitted)).

judge gave due consideration to the factors enumerated in Code § 20-107.1 and did not abuse his discretion." Id.

Moreover, temporary orders of support are subject to a completely different standard than permanent spousal support. Harrell v. Harrell, 272 Va. 652, 657, 636 S.E.2d 391, 394 (2006) ("A trial court grants pendente lite relief pursuant to Code § 20-103, while a request for permanent spousal support or a reservation of permanent spousal support is made pursuant to Code § 20-107.1. The two statutory schemes are separate and distinct."). While Code § 20-103 permits the trial court to award temporary spousal support in the trial judge's discretion, Code § 20-107.1, while still discretionary, requires the trial court to consider the evidence and an exhaustive list of factors. Further, Code § 20-103(E) provides that "[a]n order entered pursuant to this section shall have *no presumptive effect* and *shall not be determinative* when adjudicating the underlying cause." (Emphasis added). Accordingly, the trial court did not abuse its discretion by denying spousal support simply because *pendente lite* spousal support had been awarded.

Here, the trial court issued an opinion letter dated January 15, 2008, which it incorporated in the final decree of equitable distribution, support and maintenance, custody and visitation. According to the trial court's opinion letter, the trial court relied upon the following factors to support its order denying spousal support: "the standard of living during the marriage, the duration of the marriage, the contributions of each party, the parties' earning capacities, and the debts and liabilities of the parties."

The trial court held that wife did not show a need for a monthly award of spousal support. In fact, the trial court found that wife earned a salary of approximately $23,000 a year, that her employer provided health and retirement benefits, and that she discharged all of her debts, except the home mortgage and utilities, in bankruptcy. The trial court weighed these facts against the

facts that husband made roughly the same amount per year, without benefits or retirement, that he had voluntarily reduced both parties' joint debt, and that he provided health insurance for their minor child. Because the trial court weighed the factors supporting its finding that wife was not entitled to spousal support and reduced those supporting factors to writing, we hold that the trial court did not abuse its discretion in denying wife spousal support.

## C. Guardian *ad litem*

After the hearings ended, the court directed the parties to submit written arguments regarding all disputed issues. In a letter filed in response to that directive, wife, for the first time, requested the court to appoint a guardian *ad litem* to represent the parties' child. Wife now argues that the trial court abused its discretion by failing to do so.[2]

In a case such as this, a circuit court has the authority to appoint a guardian *ad litem*. Verrocchio v. Verrocchio, 16 Va. App. 314, 322, 429 S.E.2d 482, 487 (1993). The trial court *may* appoint a guardian *ad litem* in contested custody cases "in which the court makes a factual determination that it would be necessary to protect the interests of the child." L.C.S. v. S.A.S., 19 Va. App. 709, 723, 453 S.E.2d 580, 588 (1995). However, there is no *requirement* that it do so. Id.; Verrocchio, 16 Va. App. at 322, 429 S.E.2d at 487; cf. Code § 16.1-266 (requiring the trial court to appoint a guardian *ad litem* in cases involving an abused or neglected child). Here, the trial court had no obligation to appoint a guardian *ad litem*, and, accordingly, did not err in failing to do so.

---

[2] Wife's question presented asks "[w]hether the trial court erred in its finding regarding custody of the minor child of the parties and in particular in failing to appoint a guardian *Ad litem* for the child, in view of the allegations and evidence produced by the parties herein?" However, wife's argument only addresses whether the trial court erred in failing to appoint a guardian *ad litem*. Thus, we limit our analysis to the failure to appoint the guardian. Rule 5A:20(e) (requiring "[t]he principles of law, the arguments, and the authorities relating to each question presented" shall be included in the appellant's opening brief).

## II.  CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

<u>Affirmed.</u>