PETTY, J.,
concurring, in part, and dissenting, in part.
I concur in the majority’s holding that an appellate court must consider all the evidence that was introduced at trial in assessing the sufficiency of the evidence to support a conviction. I also concur in the majority’s holding that the evidence was sufficient to support Rushing’s conviction under Code § 18.2-46.2. However, for reasons I explain below, I believe that the majority’s decision not to address Rushing’s argument regarding the admissibility of a photograph ignores the admonition from the Supreme Court that cases should be decided on the merits unless a violation of a non-jurisdictional rule is “so substantial as to preclude the court’s addressing the merits of the case,” such that it would “interfer[e] with the *611 orderly administration of justice.” Moore v. Commonwealth, 276 Va. 747, 753, 755, 668 S.E.2d 150, 154, 155 (2008). In my opinion, if the appellant fairly presents the issue and the Commonwealth, without objecting to the scope of the assignment of error or the argument, addresses it on the merits, we should decide that issue. Thus, I would consider Rushing’s argument that the trial court erred in admitting a photograph of Rushing making a hand sign associated with the Gangsta Disciples, conclude that the argument is well-taken, and reverse the conviction. Because the evidence was sufficient to support Rushing’s conviction for participation in a criminal street gang, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution does not bar a retrial. Thus, I would remand for a new trial if the Commonwealth be so advised.[9]
I. SCOPE OF APPELLATE REVIEW
Rule 5A:12(c)(l) provides: “Under a heading entitled ‘Assignments of Error,’ the petition shall list, clearly and concisely and without extraneous argument, the specific errors in the rulings below upon which the party intends to rely.” While normally “[o]nly assignments of error assigned in the petition for appeal will be noticed by this Court,” Rule 5A:12(c)(1)(i), “the text of the Rule does not prevent this Court, in its discretion and pursuant to its inherent authority, from considering such additional issues as long as the Court has acquired jurisdiction,” Riner v. Commonwealth, 40 Va.App. 440, 455, 579 S.E.2d 671, 678 (2003) (citation omitted), aff'd, 268 Va. 296, 601 S.E.2d 555 (2004). “The purpose of assignments of error is to point out the errors with reasonable certainty in order to direct this court and opposing counsel to the points on which appellant intends to ask a reversal of the judgment, and to *612 limit discussion to these points.” Harlow v. Commonwealth, 195 Va. 269, 271, 77 S.E.2d 851, 853 (1953).
In a single assignment of error,[10] Rushing argues that:
The Circuit Court erred by finding the evidence sufficient to convict appellant of gang participation because of insufficient evidence, because prior felony convictions of alleged gang members were improperly admitted, and a photo of appellant allegedly making a gang sign was improperly admitted.[11]
In a somewhat conflated argument, Rushing initially argues that the photograph was insufficient to prove his membership in the Gangsta Disciples. He then transitions into an argument that the Commonwealth failed to lay any foundation for the admission of the photograph and that without an adequate foundation the photograph was not admissible under the silent witness theory. Rushing concludes this argument with the statement, “[The photograph] should not have been admitted by the Circuit Court.” Then, Rushing returns to his sufficiency argument by stating, “Furthermore, the picture was insufficient to prove any gang affiliation by appellant.”[12]
*613 The Commonwealth, recognizing that the assignment of error and argument actually address issues of both sufficiency and admissibility, correctly notes in its brief that “[a]rguments concerning the admissibility of evidence and the sufficiency of evidence raise different legal issues.” It then addresses the merits of each issue separately. Under a sub-heading entitled, “Photograph of Rushing,” the Commonwealth argues that “[t]he trial court did not abuse its discretion in admitting the photograph for the consideration of the jury.” At no point, either on brief or at oral argument, did the Commonwealth ask us to limit the issues before us as the majority has done. The fact that the “ ‘Attorney General understood the issue ... and went on to address it,’ ” Moore, 276 Va. at 755, 668 S.E.2d at 154 (quoting Moore v. Commonwealth, 51 Va.App. 1, 6, 654 S.E.2d 305, 307 (2007) (en banc) (Petty, J., concurring in the result)), is one of the factors to consider in determining whether an appellant’s “failure to adhere strictly to the requirements of Rule 5A:12(c)” is “so substantial as to preclude the Court of Appeals from addressing the merits of the case,” id. at 754, 668 S.E.2d at 154.[13]
Furthermore, panels of this Court are to “hear and determine ... appeals granted in criminal cases.” Code § 17.1-402(C). This language expresses the same legislative intent as does the language in Code § 17.1-402(D), obligating this Court sitting en banc to “consider and decide the case” before it: “This language indicates a clear legislative preference for the prompt and final disposition of appellate cases on the merits, when that can be done without interfering with the orderly administration of justice.” Moore, 276 Va. at 755, 668 S.E.2d at 154-55. I believe that a fair and reasonable reading of both the assignment of error and the argument in this case *614 permits us to address both the issue of the sufficiency of the evidence and that of the admissibility of the photograph without interfering with the orderly administration of justice. Thus, I believe that the majority wrongly declines to address the admissibility of the photograph.
II. ADMISSIBILITY OF THE PHOTOGRAPH
In order to establish that Rushing was a member of the Gangsta Disciples, the Commonwealth offered as evidence Exhibit Number 24, a photocopy of what appears to be two images of Rushing. One image depicts Rushing making a hand sign unique to the Gangsta Disciples. There is no information on the exhibit indicating where or when the images were made or how they came into the possession of the police. After Detective Gainer identified Rushing as the person depicted in the images, the Commonwealth marked the exhibit for identification and then asked Detective Gainer, “Was this photograph, what’s been marked as Commonwealth’s 24, provided to you or Detective Crouch?” Detective Gainer responded, “It was not provided to me.” Based on this testimony, the trial court admitted Exhibit 24 into evidence.[14]
“We consistently have held that the admission of photographs into evidence rests within the sound discretion of a trial court, and that the trial court’s decision will not be disturbed on appeal unless the record discloses a clear abuse of discretion.” Bailey v. Commonwealth, 259 Va. 723, 738, 529 S.E.2d 570, 579 (2000). It is well established that “[pjhotographs are generally admitted into evidence for two purposes: to illustrate a witness’ testimony, and as an ‘independent silent witness’ of matters revealed by the photograph.” Id. Here, the photograph of Rushing making a gang sign was not offered to illustrate a witness’ testimony. No witness testified *615 that he had observed Rushing making the gang sign, as the photograph portrayed. Rather, the photograph was offered as an independent “silent witness” of this fact. As such, the test for whether the photograph was admissible is “whether the evidence [was] sufficient to provide an adequate foundation assuring the accuracy of the process producing it.” Ferguson v. Commonwealth, 212 Va. 745, 747, 187 S.E.2d 189, 191 (1972) (discussing a composite photograph produced by a Regiscope camera “showing the person who presents the check, the identification presented by that person and the check which is cashed”). Or, as another court explaining the silent witness theory has stated, there must be “proof the photograph has not been altered in any significant respect” for it to be admissible. Buck v. State, 453 N.E.2d 993, 996 (Ind.1983) (holding that certain photographs were admissible under the silent witness theory based in part on “uncontroverted evidence that the Polaroid photographs were not altered or retouched”); see also People v. Doggett, 83 Cal.App.2d 405, 188 P.2d 792, 795 (1948) (holding that certain photographs were admissible based in part on “unimpeached expert testimony that the pictures themselves contain[ed] physical elements ... which disclose[d] that they [were] not ‘composite’ or ‘faked’ photographs but [were] genuine photographs and ‘contact prints’ made from ‘straight photograph’ negatives”); People v. Byrnes, 33 N.Y.2d 343, 352 N.Y.S.2d 913, 308 N.E.2d 435, 437-38 (1974) (holding that certain photographs were admissible under reasoning essentially identical to the silent witness theory based in part on “testimony that the negatives from which the positive prints were made had been seized at the [location where the criminal acts depicted in the photographs were alleged to have occurred]” and on “unimpeached testimony by a photographic expert that the negatives had not been altered in any manner and that the prints produced therefrom were accurate reproductions”).
Here, there was simply no evidence regarding either the origin of this photograph or the process used to produce it, and the Commonwealth offered no proof whatsoever that the photograph had not been altered or tampered with. While *616 Detective Gainer identified the person shown in the photograph as Rushing, the Commonwealth presented no evidence showing where or how (or even whether) the police obtained the original images, or when and under what circumstances the photocopy exhibit was created. Detective Gainer disclaimed any prior knowledge of the exhibit, and the Commonwealth failed to ask any other witness about its origin or authenticity. Simply put, there was no “evidence of extrinsic circumstances [showing] that the photograph [was] authentic.” Charles E. Friend, The Law of Evidence in Virginia § 13-12(a), at 539 (6th ed.2003). In the complete absence of any such evidence providing a foundation for admitting this photograph as a silent witness, I believe the trial court erred in admitting it into evidence. Accordingly, I would reverse Rushing’s conviction and remand for a new trial.

. A new trial would permit the hearsay and Sixth Amendment Confrontation Clause objections to the admissibility of the judicial records regarding Clark and Lollis to be more thoroughly presented and developed. Therefore, I do not believe it necessary to decide those issues today.

. In the petition for appeal, this assignment of error read:
The Circuit Court erred by finding the evidence sufficient to convict appellant of gang participation because there was no evidence that appellant had any knowledge of gang writings, drawings or paraphernalia found at the co-defendant's home, prior felony convictions of alleged gang members were improperly admitted at appellant’s trial, a photo of appellant allegedly making a gang sign was improperly admitted as evidence, and the photo did not prove appellant was a gang member.
We rephrased a portion of this assignment when we granted the appeal.

. Rushing also provides "[a]n exact reference to the pages of the transcript ... where [his objection to the admission of the photograph was] preserved in the trial court.” Rule 5A:12(c)(l).

. The majority correctly points out that sufficiency and admissibility are two separate and distinct legal concepts. As this case demonstrates, conflating disparate issues in a single assignment of error is clearly not an example of effective appellate advocacy.

. I agree with the majority that " 'the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief.’ ” Supra at 602, 712 S.E.2d at 45 (quoting Castro v. United States, 540 U.S. 375, 386, 124 S.Ct. 786, 794, 157 L.Ed.2d 778 (2003) (Scalia, J., concurring in part)). This is one reason why I defer to the Commonwealth’s decision not to make the argument advanced by the majority.

. Although the Commonwealth referred to the photocopy as a photograph, there was no testimony presented to establish whether this was a print of a digital image from an electronic device or a photocopy of an actual photograph. The legal principles regarding an adequate foundation are the same for either type of image, and I will refer to the exhibit as a photograph in my analysis.